**BOARD OF EDUCATION OF the CITY OF NEW YORK and Irving Anker, Chancellor of City School District, Plaintiffs,**

**v.**

**Joseph A. CALIFANO, Secretary of the Department of Health, Education and Welfare, the Department of Health, Education and Welfare; Ewald B. Nyquist, Commissioner of Education of the State of New York; New York State Division of Human Rights; Melvin Berman, Noah Gelfond and Daniel Gavrin, on behalf of themselves and on behalf of all male Health and Physical Education Teachers, etc., Claire Cohen, Cynthia Crawford, and Joyce Silversmith, etc., Defendants.**

**No. 77 Civ. 1609.**

United States District Court, S. D. New York.

Nov. 7, 1979.

Allen G. Schwartz, Corp. Counsel of the City of New York, New York City, for plaintiffs; Deborah Rothman, Asst. Corp. Counsel, Gary R. Tarnoff, New York City, of counsel.

Robert Abrams, Atty. Gen. of the State of New York, New York City, for State defendants; Judith T. Kramer, Asst. Atty. Gen., New York City, Janis Weissman, Paula Cohen, Law Interns, of counsel.

James R. Sander, New York City, for Male Health and Physical Ed. Teachers; Thomas C. Greble, New York City, Janis Levart Barquist, of counsel.

LASKER, District Judge.

The Commissioner of Education of the State of New York and the New York State Division of Human Rights (state defendants) move for summary judgment on the grounds that the court lacks subject matter jurisdiction and that there is no genuine issue as to any material fact.

The Board of Education of the City of New York and Irving Anker, the Chancellor of the New York City School District (the Board), brought this action in April 1977 against the Department of Health, Education and Welfare and its Secretary, Joseph Califano (HEW), the state defendants, and certain male and female physical education teachers in the New York City School system, both individually and as representatives of classes of male and female teachers, respectively. The Board initiated this action seeking declaratory and injunctive relief to resolve allegedly disparate determinations by the state defendants and HEW as to the legality of merged seniority lists for male and female physical education teachers, and to uphold the legality of the proposed merger.

Until 1973, the Board gave separate examinations for male and female physical education teachers, and consequently maintained separate lists for eligible candidates for appointment and for seniority, since the lists were based in part on those examinations. On October 5, 1976, the State Commissioner of Education ordered the Board to merge the seniority lists because the maintenance of separate lists constituted unlawful sex discrimination. While the Board was preparing to comply with the Commissioner's order, a representative of HEW informed the Board that HEW was considering whether the proposed merger would violate Title IX, 20 U.S.C. §§ 1681 et seq.[1]

Considering itself caught between the order by the state's Commissioner to merge the seniority lists, and the letter from the HEW representative indicating that HEW was investigating whether the merged lists would violate Title IX, the Board filed this action, essentially seeking a determination as to who was right.

In an order dated December 15, 1977, the Court dismissed HEW from the action. The Court found that no case or controversy existed between the Board and HEW because HEW had not made a formal determination as to the legality of the proposed merger or to withhold federal funds, and so had not taken a position on the legality of the merger.

■■■ For reasons similar to those which led to granting HEW's motion to dismiss, the present motion for summary judgment is granted. To invoke the jurisdiction of a federal court, a plaintiff must establish that an actual case or controversy exists between the parties. U.S.Const. art. III, § 2; *Steffel v. Thompson*, 415 U.S. 452, 458–60, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974); *O'Shea v. Littleton*, 414 U.S. 488, 493–99, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974). The Board brought this action to obtain a resolution of allegedly conflicting determinations by the state defendants and HEW. But this Court has determined previously that HEW has not taken a position as to the legality of the proposed merger,[2] and that therefore no controversy existed between the Board and HEW. Similarly, there can be no conflict between the positions of the state defendants and HEW when HEW has not taken a position. Since the Board seeks to uphold the policy of merged lists, its position is in accord with that of the state defendants and there is no controversy between the Board and the state defendants.

The only controversy between the parties to which the Board has pointed involves the counterclaim for back pay which the male teachers have filed against the Board. However, this controversy lies between the

---

1. During that time, several suits involving the claimed illegality of maintaining separate lists were either pending or disposed of in proceedings before federal and state courts and before the State Commission of Human Rights.

2. No evidence of a change in HEW's failure to take a position on the seniority lists merger has been brought to the attention of the Court.

Board and the teachers. No claim has been filed against the state defendants by the teachers, nor are they necessary parties to the determination of the counterclaim.

There being no controversy between the state defendants and any of the remaining parties to the litigation, the motion for summary judgment dismissing the action against the state defendants is granted.

It is so ordered.